UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

    Plaintiff,

    v.

PELICAN BAY STATE PRISON,

    Defendant.

Case No. 15-cv-04875-EMC

**ORDER OF DISMISSAL**

Docket No. 1

Kenneth Smith, an inmate at Pelican Bay State Prison, has filed this *pro se* civil rights action under 42 U.S.C. § 1983, complaining that prison officials have not fixed two broken television sets in the day room at his prison. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A prison inmate has no federally-protected right to watch television in prison. *See Rahman*

*X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (inmate's inability to watch television for 26 months did not result in a due process violation because the inability to watch television "is not a significant hardship, even when combined with the other minor deprivations" alleged by the inmate); *id.* (inability to watch television did not present a condition sufficiently serious to violate the Eighth Amendment; television is "not necessary for a civilized live"); *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993) ("Despite television's importance in modern society, appellees have no fundamental right to in-cell cable television"); *Warren v. Irvin*, 985 F. Supp. 350, 353-54 (W.D. N.Y. 1997) (five month loss of television and other privileges "does not represent the type of deprivation which could reasonably be viewed as imposing atypical and significant hardship on an inmate").

Here, prison officials' failure or refusal to fix the television sets in the dayroom at Mr. Smith's prison did not amount to the deprivation of a right secured by the Constitution or laws of the United States. The complaint fails to state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile: there is not an absence of adequate detail and instead the problem described simply does not amount to an infringement of a federally-protected right.

For the foregoing reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 25, 2016

_____
EDWARD M. CHEN
United States District Judge